ORIGINAL

FILED
AUG 26 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

SITCO GENERAL TRADING AND CONTRACTING CO., W.W.L., a Kuwait Corporation,

Plaintiff,

-against-

08-603 C

**COMPLAINT**

UNITED STATES DEPARTMENT of the ARMY,

(Judge Hodges)

Defendant.

The Plaintiff, SITCO GENERAL TRADING AND CONTRACTING CO., W.L.L. ("SITCO"), for its Complaint, alleges:

**JURISDICTION**

1. The Court has jurisdiction of this action pursuant to 28 U.S.C § 1491 (a) (1) inasmuch as it is a claim against the United States for damages on an express contract; and pursuant to 28 U.S.C. § 2502 (the Reciprocity Act), 28 U.S.C. § 1491 (the Tucker Act), and Rule 12(b)(1) of the Rules of this Court (RFCF), inasmuch as pursuant to Article 23 of the Civil and Procedures Law of Kuwait, No. (38/1980), foreign companies' legal suits against any Kuwaiti governmental department maybe filed in the courts of Kuwait.

**PARTIES**

2. SITCO is a corporation organized under the laws of Kuwait with its principal place of business in Kuwait City, Kuwait.

3. The Defendant is the Government of the UNITED STATES, sued herein as United States Department of the Army, ("Army").

## CLAIM FOR RELIEF

4. In or about June 2004, SITCO and Army entered into Contract NO. W91QEK-04-M-4227 (the "Contract") for 2700 Alaska barriers and related supplies and services, for the contract price of $3,510,000.00. Copy annexed as **Exhibit A**.

5. Under the contract, 557th Expeditionary RED HORSE was the Sponsor for SITCO in respect of the concrete batch plant it ran on Camp Taji in Iraq.

6. In connection with its fulfillment of the contract, SITCO, for security reasons and at Army's direction transported to Camp Taji an entire ready mix factory which SITCO continued to own. Copy of memorandum dated May 24 2005 annexed as **Exhibit B**.

7. It was operated under the direction of an American citizen, A. Luis Suarez, president Iraq Division, of SITCO. Copy of memorandum dated June 2, 2005 annexed as **Exhibit C**.

7. On October 8, 2005, the Army determined to demobilize SITCCO from camp Taji, since "SITCO's current contracts have been successfully met for the base contract scope of 01 Oct 04 to 30 Sep 05." Copy of Army memorandum dated October 8, 2005, annexed as **Exhibit D**.

8. Demobilization plans and schedules were to be developed by SITCO and approved by Army. Copy of Army memorandum dated December 26, 2005, approving removal of SITCO's ready mix factory from Camp Taji, annexed as **Exhibit E**.

9. Transport of the factory to Kuwait required it to be dissembled under the supervision of SITCO through Mr. Luis Suarez, whose presence at Camp Taji was required for such supervision.

10. Mr. Suarez was denied, by Army, without excuse or cause, credentials for him to travel to, and remain on, Camp Taji during the factory

removal process. That conduct by Army constituted a breach of its obligations under the Contract,

11. As a proximate result of Army's breach of contract as aforesaid, SITCO's factory was physically taken down and transported by inexperienced and unsupervised movers and it arrived in Kuwait in an unusable condition.

12. In consequence of Army's breach of contract, SITCO has suffered losses, expenses and damages in an amount, approximating $ 31,000,000.00, to be proved at trial.

**WHEREFORE,** SITCO demands judgment against the United States in the amount of $31,000,000, together with lawful interest and such other relief as to the Court may seem just and proper.

s/ James J. Harrington

HARRINGTON HENRY LLP
*Attorneys for Plaintiff*
305 Madison Avenue
New York NY 10165
(212) 370-6716

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

SITCO GENERAL TRADING AND CONTRACTING CO., W.W.L., a Kuwait Corporation,

Plaintiff,

-against-

~~PLAINTIFF'S MOTION TO AMEND~~
**COMPLAINT**

UNITED STATES DEPARTMENT of the ARMY,

~~No. 07-226C~~
(Judge Hodges)

Defendant.

The Plaintiff hereby moves, on the Affirmation of James J. Harrington dated June 24, 2008, and on the Affidavit of Ammar Q. Al-Fouzan, sworn to May 22, 2008, for leave to amend its complaint to expand the jurisdictional allegations and to delete the former Second Claim.

Dated: New York New York
June 24, 2008

s/ James J. Harrington

HARRINGTON HENRY LLP
*Attorneys for Plaintiff*
305 Madison Avenue
New York NY 10165
(212) 370-6716

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SITCO GENERAL TRADING AND CONTRACTING CO., W.W.L., a Kuwait Corporation,

Plaintiff,

-against-

**AFFIRMATION IN SUPPORT OF MOTION**

UNITED STATES DEPARTMENT of the ARMY,

No. 07-226C
(Judge Hodges)

Defendant.

James J. Harrington, attorney for the Plaintiff, hereby affirms the following to be true under penalties of perjury:

1. I make this Affirmation in support of the Plaintiff's motion for leave to file an amended complaint in the form annexed as Exhibit A [the amended complaint does not reprint but incorporates the same exhibits as previously filed].

2. The proposed complaint is amended in two respects: Paragraph 1 (Jurisdiction) is expanded to include the Reciprocity Act and other subject matter requirements; and the former Second Claim for relief has been eliminated.

3. Submitted herewith is the affidavit of Ammar Q. Al-Fouzan, sworn to before a Vice Counsel of the United States, on May 22, 2008, which establishes that foreign companies may bring their legal suits against any Kuwaiti governmental department in the courts of the State of Kuwait.

Dated: New York New York
June 24, 2008

s/ James J. Harrington

HARRINGTON HENRY LLP
*Attorneys for Plaintiff*
305 Madison Avenue
New York NY 10165
(212) 370-6716

CERTIFICATE OF FILING

I hereby certify that on this 24th day of June 2008, a copy of the foregoing "PLAINTIFF'S MOTION TO AMEND" together with all supporting papers was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ James J. Harrington

EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SITCO GENERAL TRADING AND ) CONTRACTING CO., W.W.L., a Kuwait Corporation, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-226 C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) | |

AFFIDAVIT IN SUPPORT OF MOTION TO AMEND THE COMPLAINT

AMMAR Q. AL-FOUZAN, being duly sworn, deposes and says:

1.) I am a Partner of the Law Offices of Mishari Al-Ghazali ("MMG"), Chamber of Commerce Bldg., Kuwait City, attorneys in Kuwait for the Plaintiff. I make this affidavit in support of the Plaintiff's motion to file an amended complaint.

2.) I was admitted to practice law in Kuwait in 1995. My educational background is Kuwait University School of Law, (LL.B. 1995); the University of Texas at Austin School of Law, (L.L.M. 2000).

3.) I am the Director of the Corporate and International Transactions Department at MMG since 2004, and member of the International Bar Association since 2002.

4.) Under the law of the State of Kuwait, foreign companies' legal suits against any Kuwaiti government department may be filed in the courts of Kuwait pursuant to Article (23) of the Civil and Commercial Procedures Law No. (38/1980). The respective Article explicitly states: "Courts in Kuwait shall have jurisdiction to hear any case brought against any Kuwaiti party … ." Kuwaiti party means any national individual, business and government party to a suit.

5.) There are not any codes in Kuwait that restrict foreign companies' or any foreign party from filing suits against any Kuwaiti government department, nor there is any precedent challenging the well established rule of Article (23), noting that the legal system of Kuwait is based on the Latin/Civil Law, whereby all statutes and regulations are codified.

6.) Accordingly, the Plaintiff ought to be granted leave to file the proposed amended complaint.

AMMAR Q. AL-FOUZAN

Sworn to before me this
____ day of 22 MAY 2008

Kuwait
City of Kuwait
Embassy of the United State
of America

Subscribed and sworn before me
this day.

ERIKA HOSKING
Vice Consul of The United States
of America

THE LAW OFFICES OF MISHARI AL-GHAZALI

# Book Two
# Litigation Before Courts
## Part One
## Jurisdiction And Evaluation Of Law-Suit
### Chapter One
### International Jurisdiction Of Courts

Article -23-

The Kuwaiti Courts shall cognize cases brought against the Kuwaiti, and cases brought against the foreigner who has domicile or place of residence in Kuwait, except real-actions relating to real estates abroad.

**Salah Al-Jasim Computer Systems +965 246 7712 +965 240 2093 Fax +965 246 7713**

Ammar Al-Fouzan
ATTORNEY AT LAW

Chamber of Commerce & Industry Bldg.,1st Floor,
Al-Shuhada Street - P.O. Box : 26161 Safat 13122 Kuwait
Tel. : (965) 802 234 - 243 9790 - Fax : (965) 242 2895
E-mail : mail@alghazali-law.com - www.alghazali-law.com

THE LAW OFFICES OF MISHARI AL-GHAZALI

# الكتاب الثانى
# التداعى امام المحاكم
## الباب الاول
## الاختصاص، وتقدير قيمة الدعوى
### الفصل الاول
### الاختصاص الدولى للمحاكم

مادة -23-

تختص المحاكم الكويتية بنظر الدعاوى التى ترفع على الكويتى، والدعاوى التى ترفع على الاجنبى الذى له موطن او محل إقامة فى الكويت، وذلك كله فيما عدا الدعاوى العقارية المتعلقة بعقار واقع فى الخارج.



Ammar Al-Fouzan
ATTORNEY AT LAW

Chamber of Commerce & Industry Bldg., 1st Floor,
Al-Shuhada Street - P.O. Box : 26161 Safat 13122 Kuwait
Tel. : (965) 802 234 - 243 9790 - Fax : (965) 242 2895
E-mail : mail@alghazali-law.com - www.alghazali-law.com

HARRINGTON HENRY LLP
ATTORNEYS AT LAW

305 MADISON AVENUE
NEW YORK, NEW YORK 10165
TEL: (212) 370-6716
FAX: (212) 684-2476

JAMES J. HARRINGTON
james.j.harrington@verizon.net

August 16, 2008

*By Priority Mai6*

Clerk
United States Court of Federal Claims
717 Madison Place, NW
Washington DC 20005-1011

Re: *Sitco General Trading and Contracting Co. v. U.S.*
No. 07-226C (Judge Hodges)

Dear Sir:

Enclosed is a copy of the Order filed January 9 2008, by Judge Hodges which states, *inter alia*, "If plaintiff wishes to file a new Complaint as to the First Claim, the Clerk will return the case to this court."

Also enclosed are hard copies of Plaintiff's Motion to Amend the Complaint and of the affidavit of Ammar Q. Al-Fouzan, sworn to May 22, 2008, and the affirmation of James J. Harrington dated June 24, 2008, in support of a motion to amend the Complaint, all of which I attempted to file in PDF form only to have them rejected as the electronic file is marked Closed.

I would be pleased to resubmit the electronic copies if the electronic file is reopened.

Respectfully submitted,

James J. Harrington

JJH:dar
Enclosures

Cc: Maame A.F. Ewusi-Mensah, Esq.
Commercial Litigation Branch
United States Department of Justice
1100 L Street NW, Room 12000
Washington, DC 20530

14

# In the United States Court of Federal Claims

* * * * * * *

SITCO GENERAL TRADING AND CONTRACTING CO., W.W.L., a Kuwait Corporation, *

Plaintiff, *

v. * No. 07-226C

* Filed: January 9, 2008

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * *

## ORDER

The parties agree that plaintiff's Complaint should be dismissed without prejudice as to the First Claim and with prejudice as to the Second Claim. Defendant objects to plaintiff's speculation that it might file "an amended complaint," but otherwise agrees that this court cannot address plaintiff's case as stated. Accordingly, plaintiff's Complaint is dismissed without prejudice as to the First Claim. Plaintiff's Complaint is dismissed with prejudice as to the Second Claim. If plaintiff wishes to file a new Complaint as to the First Claim, the Clerk will return the case to this court. No costs.

s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge